# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Max Woodson,
**Petitioner Below, Petitioner**

vs)  No. 15-0683 (Kanawha County 15-P-250)

Marvin C. Plumley, Warden,
Huttonsville Correctional Center,
**Respondent Below, Respondent**

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Pro se petitioner Max Woodson appeals the Circuit Court of Kanawha County's July 2, 2015, order summarily denying his petition for writ of habeas corpus. Respondent Marvin C. Plumley, Warden, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner alleges that the circuit court erred in summarily denying his habeas petition because he was unduly prejudiced by the fact that his parole hearing panel was comprised of three women and he was entitled to parole.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2014, petitioner appeared for a parole hearing after serving approximately fifteen years of his cumulative sentence of eleven to fifty-five years of incarceration following his conviction on one count each of possession with intent to distribute a controlled substance and second-degree murder. This was petitioner's fourth parole hearing, after he was previously denied parole on three occasions. Ultimately, the parole board again denied petitioner parole.

In June of 2015, petitioner filed a pro se petition for writ of habeas corpus in the circuit court and alleged that "his parole hearing was unfair because the parole hearing panel was comprised of three women" and his victim was a woman, thereby constituting undue prejudice. Petitioner also alleged that he was entitled to parole. On July 2, 2015, the circuit court summarily denied the petition. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). On appeal to this Court, petitioner reasserts his allegations that the composition of his parole panel constituted undue prejudice and that he was entitled to parole. The Court, however, does not agree.

Specifically, petitioner has cited to no evidence that he was unduly prejudiced, beyond his unsupported assertion that he was unduly prejudiced because the women on his parole panel were likely "biased toward the [p]etitioner soley due to the fact that he is a man . . . and his victim was a woman." However, in addressing this argument, petitioner admits that "he has no support" for the claim that "there is a very high likelihood that one . . . of the women on the panel [has] been the victim of violence at the hands of a male . . . ." Simply put, petitioner has provided no evidence or other authority that would indicate he was prejudiced by the composition of the parole panel.

Further, petitioner's assertion that he is entitled to parole is unsupported in his brief and without merit. This Court has previously held that

"[t]he decision to grant or deny parole is a discretionary evaluation to be made by the West Virginia [Parole Board]. However, such a decision shall be reviewed by this Court to determine if the [Parole Board] abused its discretion by acting in an arbitrary and capricious fashion." Syllabus point 3, *Rowe v. Whyte*, 167 W.Va. 668, 280 S.E.2d 301 (1981).

Syl. Pt. 1, *State ex rel. Stollings v. Haines*, 212 W.Va. 45, 569 S.E.2d 121 (2002). On appeal, petitioner does not allege that the decision to deny parole was made arbitrarily or capriciously. Instead, petitioner simply argues that he was entitled to parole because he has met all requirements imposed upon him at prior parole hearings. The Court, however, finds this argument to be without merit. The parole board had discretion to deny petitioner parole, and we find no abuse of this discretion on appeal. Similarly, pursuant to West Virginia Code § 53-4A-3, circuit courts are permitted to summarily refuse a petition for writ of habeas corpus "[i]f the petition, affidavits, exhibits, records and other documentary evidence attached thereto . . . show to the satisfaction of the court that the petitioner is entitled to no relief . . . ." As set forth above, petitioner's claims lack merit, as he has failed to properly support his grounds for relief. As such, the circuit court did not err in denying his petition.

For the foregoing reasons, the circuit court's July 2, 2015, order is hereby affirmed.

Affirmed.

**ISSUED: May 23, 2016**

2

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II